UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 10-20167
        Honorable Linda V. Parker

TRAVIS FULMORE,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**

On November 15, 2012, Defendant pleaded guilty to one count of conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The Honorable Mark A. Goldsmith sentenced Defendant on March 12, 2013, to a term of imprisonment of 120 months, followed by five years of supervised release.  The matter subsequently was reassigned to the undersigned and is presently before the Court on Defendant's Motion for Termination of Supervised Release.  (ECF No. 38.)  The Government opposes Defendant's request.  (ECF No. 40.)

18 U.S.C. § 3583(e) sets forth the authority to modify a defendant's supervised release term.  The statute reads, in relevant part:

> The court may, after considering the factors set forth in section [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e). The Sixth Circuit has stated that "[e]arly termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" *United States v. Campbell*, No. 05-6235, 2006 WL 3925588, at *1 (6th Cir. July 25, 2006) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)); *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (same).

In support of his motion for early termination of his supervised release term, Defendant states that he has abided by the rules governing his release. For example, Defendant represents that he has held down a job and worked continuously. He claims to have completed over fifty percent of his supervised release term.

In response, the Government sets forth factual details concerning Defendant's conviction as well as his prior criminal history. This history includes Defendant's past violations of the law while on probation. The Government states

that Defendant has actually served less than forty percent of his supervised release term and indicates that it has reason to doubt Defendant's claim that he has been holding down a job.

This Court is not convinced that changed circumstances exist to warrant early termination of Defendant's supervised release term. Defendant may be complying with the rules governing his release—which is what is expected. *See U.S. v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional."). There are no facts presented suggesting that there have been changed circumstances justifying a modification. Therefore, the Court is **DENYING** Defendant's motion; however, it is doing so **WITHOUT PREJUDICE** to allow Defendant to renew the motion at a later date.

    **IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 21, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 21, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager
